Juanita V. Miller, Esq. (SBN: 137470)
LAW OFFICES OF JUANITA V. MILLER
14930 Ventura Boulevard, Suite 200
Sherman Oaks, California 91403
Telephone: (818) 907-7467
Facsimile:   (818) 304-7125
E-mail Address: Jvmesq@aol.com

Attorneys for Plaintiff:
NAHID HOUMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT COURT OF CALIFORNIA

|  |  |
|---|---|
| NAHID HOUMAN, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., as Successor by Merger to Wachovia Mortgage, FSB, Formerly Known as World Savings Bank, FSB; WELLS FARGO HOME MORTGAGE; CALWESTERN RECONVEYANCE CORPORATION; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO, and DOES 1 to 10, inclusive;<br><br>Defendants. | Case No.: 2:15-cv-08740-AB-PLA<br><br>**PLAINTIFF NAHID HOUMAN'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT;MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: December 21, 2015<br>Time:          10:00 a.m.<br>Ctrm:          4, 2nd Floor<br><br>[Assigned to the Hon. Andre Birotte, Jr.] |

i

## **TABLE OF CONTENTS**

Page(s)

MEMORANDUM OF POINTS AND AUTHORITIES.................................... 1

I. RELEVANT FACTS.................................................................................. 1

1. DISCUSSION.......................................................................................... 2

    A. Federal Question Jurisdiction ............................................... 2

    B. Diversity Of Citizenship ....................................................... 3

    C. Plaintiff's Citizenship ........................................................... 3

    D. Defendant Cal-Western Reconveyance Corporation's

        Citizenship .......................................................................... 5

    E. Federal Rule Of Civil Procedure 12(B)(1)............................ 6

    F. Federal Rule Of Civil Procedure 12(B)(6) ........................... 7

    G. Federal Rule Of Civil Procedure 9(B) .................................. 8

    H. Defendant Cal-Western Reconveyance Corporation's

        Bankruptcy Proceedings........................................................ 8

II. ARGUMENT............................................................................................ 8

    A. THE BANKRUPTCY TRUSTEE AND/OR PLAINTIFF HAS
        STANDING TO PROSECUTE PRE-BANKRUPTCY CLAIMS......... 8

    B. THE BANKRUPTCY TRUSTEE AND/OR PLAINTIFF MAY
        PROSECUTE CLAIMS NOT DISCLOSED IN HOUMAN'S
        BANKRUPTCY SCHEDULES ............................................. 9

    C. PLAINTIFF'S SECOND, THIRD AND FIFTH STATE LAW
        CLAIMS ARE NOT PRE-EMPTED BY HOLA................................ 10

    D. PLAINTIFF STATES A CLAIM FOR RELIEF FOR BREACH
        OF CONTRACT AND VIOLATION OF THE CLASS ACTION
        SETTLEMENT AGREEMENT ............................................. 14

        1. This Case May Be Transferred To The United States District
          Court For The Northern District Of California, The Honorable
          Jeremy F. Fogel, Currently Presiding, Or Any Other Court That
          Obtains Competent Jurisdiction Of The Lawsuit Under 28 U.S.C.
          § 1404(A) ........................................................................... 14

        2. The Question Of Jurisdiction And The Merits Of The Action Are
          Intertwined ......................................................................... 15

ii

3.  The Underlying Action is Distinct, Contains State Law Claims In Addition To The Class Action Settlement And Its Loan Modification Provisions…………………………………………….    17

E. PLAINTIFF CAN AMEND THE COMPLAINT TO ALLEGE A VIOLATION OF § 2923.5 ……………………………………...    18

F. PLAINTIFF HAS STATED A CLAIM UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 ………………    19

G. PLAINTIFF HAS STATED A CLAIM UNDER THE EQUAL CREDIT OPPORTUNITY ACT ……………………………………    21

H. PLAINTIFF HAS STATED A CLAIM UNDER ELDER FINANCIAL ABUSE …………………………….………………....    23

III. CONCLUSION …………………………………………………    24

CERTIFICATE OF SERVICE……………………………………    1

iii

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Ah Quin v. Cnty. of Kauai Dep't of Transp.,*
    733 F.3d 267, 276 (9th Cir. 2013) ……………................................ 10

*Augustine v. United States,*
    704 F.2d 1074, 1077 (9th Cir.1983) ……………................................ 16

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696, 699 (9th Cir. 1988) ……………................................ 7

*Bly-Magee v. California,*
    236 F.3d 1014, 1019 (9th Cir. 2001) ……………............................ 8

*Commodity Futures Trading Comm'n v. Savage,*
    611 F.2d 270, 279 (9th Cir.1979) ……………................................ 15

*Cook v. AVI Casino Enters., Inc.,*
    2008 WL 4890167 (9th Cir. Nov. 14, 2008) ……………...................... 3

*DeLeon v. Wells Fargo Bank, N.A.,*
    2011 WL 311376 (N.D.Cal. Jan. 28, 2011) ……………...................... 13

*Errico v. Pac. Capital Bank, N.A.,*
    753 F. Supp. 2d 1034, 1042 (N.D. Cal. 2010) ……………................... 22

*Fardella v. Downey Sav. & Loan Ass'n,*
    2001 WL 492442 (N.D. Cal. May 9, 2001) ……………...................... 3

*Gaus v. Miles, Inc.,*
    980 F.2d 564, 566 (9th Cir. 1992) ……………................................ 2

*Gilligan v. Jamco Dev. Corp.,*
    108 F.3d 246, 248 (9th Cir. 1997) ……………................................ 7

*Goodfellow v. Merrill,*
    2009 WL 453109 (S.D. Cal. Feb. 23, 2009) ……………...................... 5

iv

*Hafiz v. Greenpoint Mortg. Funding, Inc.,*
    652 F.Supp.2d 1039, 1045 (N.D.Cal.2009) …………........................ 22

*In re Goswami,*
    (9th Cir. BAP 2003) 304 BR 386, 393 …………...................………… 9

*In re Lopez (Lopez v. Specialty Restaurants),*
    283 B.R. 22, 28 (9th Cir. BAP 2002) …………...................………… 9

*Jones v. GNC Franchising, Inc.,*
    211 F.3d 495, 498-499 (9th Cir.2000) …………...................………… 15

*Kanter v. Warner-Lambert Co.,*
    265 F.3d 853, 857 (9th Cir. 2001) …………...................………… 4

*Kasey v. Molybdenum Corp.,*
    408 F.2d 16, 20 (9th Cir.1969) …………...................………… 15

*Kearns v. Ford Motor Co.,*
    567 F.3d 1120, 1124 (9th Cir. 2009) …………...................………… 8

*Lippitt v. Raymond James Fin. Servs.,*
    340 F.3d 1033, 1040 (9th Cir. 2003) …………...................………… 2

*Livid Holdings Ltd. v. Solomon Smith Barney, Inc.,*
    417 F.3d 940, 946 (9th Cir. 2005) …………...................………… 23

*Los Angeles Memorial Coliseum Commission v. National Football League,*
    89 F.R.D. 497, 501 (C.D.Ca. 1981) …………...................………… 15

*Lozano v. AT & T Wireless Servs., Inc.,*
    504 F.3d 718, 731 (9th Cir. 2007) …………...................………… 19

*Matheson v. Progressive Specialty Ins. Co.,*
    319 F.3d 1089, 1090 (9th Cir. 2003) …………...................………… 3

*Newdow v. Lefevre,*
    598 F.3d 638, 642 (9th Cir. 2010) …………...................………… 7

v

*Palacio Capital Partners, Inc. v. Cha,*
   2009 WL 2566772 (C.D. Cal. Aug. 18, 2009) ……….................... 5

*Perea v. Walgreen Co.,*
   939 F. Supp. 2d 1026, 1040 (C.D. Cal.2013) ……….................... 19

*Potter v. Hughes,*
   (9th Cir. 2008) 546 F3d 1051, 1056 ……….................... 17

*Rivera v. BAC Home Loans Servicing, L.P.,*
   756 F.Supp.2d 1193, 1200 (N.D. Cal. 2010) ……….................... 19

*Rumbaua v. Wells Fargo Bank, N.A.,*
   2011 WL 3740828 (N.D.Cal. Aug. 25, 2011) ……….................... 13

*Schlegel v. Wells Fargo Bank,*
   720 F.3d 1204, 1210 (9th Cir. 2013) ……….................... 21

*Segura v. Wells Fargo Bank, N.A.,*
   2014 WL 4798890 (C.D. Cal. Sept. 26 2014) ……….................... 20

*Sherman v. Wells Fargo Bank, N.A.,*
   2011 U.S. Dist. LEXIS 51641 (E.D. Cal. May 12, 2011) …………… 8

*Silvas v. E*TRADE Mortgage Corp.,*
   514 F.3d 1001, 1004-1005 (9th Cir. 2008) ……….................... 12

*Sullivan v. Washington Mut. Bank, FA,*
   2009 WL 3458300 (N.D. Cal. Oct. 23, 2009) ……….................... 20

*Sun Valley Gas., Inc. v. Ernst Enters.,*
   711 F.2d 138, 140 (9th Cir.1983) ……….................... 15

*Susilo v. Wells Fargo Bank, N.A.,*
   796 F.Supp.2d 1177, 1186 (C.D.Cal.2011) ……….................... 14

*Thornhill Publ'g Co. v. Gen. Tel. Co.,*
   594 F.2d 730, 734 (9th Cir.1979) ……….................... 16

vi

*Vasquez v. Bank of Am., N.A.,*
    2013 WL 6001924 (N.D. Cal. Nov. 12, 2013) ………….....................  21

*Warren v. Fox Family Worldwide, Inc.,*
    328 F.3d 1136, 1139 (9th Cir. 2003) ………….........................  6

*Weible v. United States,*
    244 F.2d 158, 163 (9th Cir. 1957) ………….........................  4

*White v. Lee,*
    227 F.3d 1214, 1242 (9th Cir. 2000) ………….........................  7

*Wolfe v. Strankman,*
    392 F.3d 358, 362 (9th Cir. 2004) ………….........................  6

*Woodring v. Ocwen Loan Servicing, LLC,*
    2014 WL 3558716 (C.D. Cal. July 18, 2014) ………….....................  20

**STATE CASES**

Fuller v. First Franklin Financial Corp.,
    (2013) 216 Cal.App.4th 955, 964-965 ………….........................  18

Gibson v. World Savings & Loan Assn.,
    (2002) 103 Cal.App.4th 1291, 1297 ………….........................  10, 12

Ingels v. Westwood One Broad. Servs., Inc.,
    129 Cal. App. 4th 1050, 1060 (2005) ………….........................  19

Intrieri v. Superior Court,
    117 Cal.App.4th 72, 82, 12 Cal. Rptr.3d 97 (2004) ………….............  23

Kwikset Corp. v. .Super. Ct.,
    51 Cal.4th 310, 321 (2011) ………….........................  20

Peatros v. Bank of America,
    (2000) 22 Cal.4th 147, 157 ………….........................  11

**FEDERAL STATUTES**

PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS

11 U.S.C. § 350 ……………….......................................................... 9

11 U.S.C. § 362 ………….............................................................. 8

12 U.S.C. §§1462, 1463…............................................................. 11

15 U.S.C. §1691……………........................................................ 21

28 U.S.C. § 1332………............................................................... 2, 5

28 U.S.C. §§ 1441(a) …………........................................................ 2

28 U.S.C. § 1332……….............................................................. 2


**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ..................................................... 19

Cal. Bus. & Prof. Code § 17204 ..................................................... 20

Cal. Civ. Proc. Code § 338(a) ....................................................... 17

Cal. Civ. Code § 2923.5 .............................................................. 17

Welf. & Inst. Code § 15610.30 ...................................................... 24


**RULES**

Fed. R. Civ. P. 9(b) .................................................................... 8

Fed. R. Civ. P. 12(b)(1) ............................................................... 6

Fed. R. Civ. P. 12(b)(6) ............................................................... 7

Fed. R. Civ. P. 15(a)(2) ............................................................... 9, 24

Fed. R. Civ. P. 17(a)(3) ............................................................... 9

Fed. R. Civ. P. 41(b) .................................................................. 6


**REGULATIONS**

12 C.F.R. § 202.1(b) ................................................................... 22

12 C.F.R. § 202.9 ...................................................................... 22

12 C.F.R. § 202.2(a)(1) ................................................................ 22

12 C.F.R. § 560.2 ...................................................................... 11, 12

12 C.F.R. § 560.2(b)(10)............................................................... 22

PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS

**TO DEFENDANT, DEFENDANT'S COUNSEL OF RECORD, THE CLERK OF THE ABOVE-ENTITLED COURT AND THE HONORABLE JUDGE ANDRE BIROTTE, JR., UNITED STATES DISTRICT JUDGE PRESIDING:**

PLEASE TAKE NOTICE that Plaintiff Nahid Houman ("Plaintiff" or "Houman") hereby responds to Defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB, erroneously sued here separately as Wells Fargo Home Mortgage ("Wells Fargo") Notice Of Motion and Motion To Dismiss Complaint as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. RELEVANT FACTS

On or about September 3, 2015, Plaintiff commenced an action in the Superior Court of the State of California for the County of Los Angeles, Case No. BC593499 (the "State Court Action") for Wells Fargo's 1) Breach of Contract and Violation of Court-Approved Settlement Agreement; 2) Violation of Civil Code Section 2923.55; 3) Violation of Business and Professions Code Section 17200; 4) Violations of the Equal Credit Opportunity Act; and 5) Elder Financial Abuse. Defendant Wells Fargo did not generally appear in the State Court Action.

On or about November 9, 2015, Defendant Wells Fargo removed the matter to this Court based upon federal question jurisdiction, pursuant to U.S.C. §§ 1441(b) & 1331 or, as an alternative, diversity of citizenship, pursuant to 28 U.S.C. § 1332 and Defendant Wells Fargo filed its motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). Additionally, Wells Fargo moves to dismiss all claims pursuant to Federal Rules of Civil Procedure 9(b) in connection with this action.

1

## 1. **DISCUSSION**

### A. **Federal Question Jurisdiction**

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, *i.e.,* that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 67-68 (1996). Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. §1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id.*

Plaintiff's fourth cause of action against Defendant Wells Fargo is for violation of the Equal Credit Opportunity Act, commonly known as the "ECOA". Plaintiff's Complaint does not assert any federal causes of action, although the ECOA claim does allege violation of a federal statute. It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Lippitt v. Raymond James Fin. Servs.,* 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 808 (1986)). Instead, the federal question must be "a necessary element of the well-pleaded state claim" or the plaintiff's right to relief must rely on the resolution of a substantial, disputed question of federal law. *Lippitt,* 340 F.3d at 1042. Rather, Plaintiff only needs to show that she is a member of a protected class whose mortgage assistance application applied

2

directly to Defendant Wells Fargo for an extension and continuation of credit, that Plaintiff qualified for credit; and was denied credit despite being qualified.  Since Plaintiff can prove all her claims independently under state law, an application of federal law is not a substantial or "necessary element" of the claims. See *Fardella v. Downey Sav. & Loan Ass'n*, No. 00-4394, 2001 WL 492442, at *3 (N.D. Cal. May 9, 2001) (finding no federal question jurisdiction because plaintiff could prove allegedly unfair broker rebate violated California law independently of RESPA or TILA).

**B. Diversity Of Citizenship**

Defendant Wells Fargo also contends the court has diversity jurisdiction to hear the action. "[J]urisdiction founded on [diversity] requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . ."). Federal courts have jurisdiction only where there is complete diversity, i.e., plaintiff's citizenship is diverse from that of each named defendant. 28 U.S.C. §§ 1332(a)(1), (c)(1); see *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 n. 3 (1996); see also *Cook v. AVI Casino Enters., Inc.*, No. 07-15088, 2008 WL 4890167, *3 (9th Cir. Nov. 14, 2008) (Unpub. Disp.) ("We have jurisdiction only if Cook, a resident of California, has citizenship which is diverse from that of every defendant," citing *Lewis*, 519 U.S. at 68).

**C. Plaintiff's Citizenship**

Defendant Wells Fargo's notice of removal alleges that Plaintiff's citizenship and that of Defendant Wells Fargo is entirely diverse and the amount of the controversy exceeds $75,000.00. As support for the allegation, the notice cites Plaintiff's Complaint, which pleads that Houman is a California resident, based on

domicile, as she pleads residency and ownership of a home located at 1123 11th Street, Unit No. 4, Santa Monica, California 90403 – i.e., the subject real property in this action. Plaintiff also claims residency in Los Angeles County.

A person is a citizen of the state in which he has his domicile, i.e., a permanent home where he intends to remain or to which he intends to return. See *Gilbert v. David,* 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A person's residency does not determine citizenship for diversity jurisdiction purposes. *Kanter,* 265 F.3d at 857 ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state"); see also *Weible v. United States,* 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth").

Defendant Wells Fargo bases its allegation upon information and belief, that Houman has evidenced her intent to remain in California in the Voluntary Petition for Chapter 7 Bankruptcy in which Plaintiff states she "has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date …"of the petition.

Because allegations concerning a person's residency are not sufficient to establish citizenship, Defendant Wells Fargo cannot meet its burden of establishing

4

Houman's citizenship merely by citing her allegation of residency. See, e.g., *Palacio Capital Partners, Inc. v. Cha,* No. CV 09-5753 PA (AGRx), 2009 WL 2566772, *1 (C.D. Cal. Aug. 18, 2009) ("Removing Defendant alleges in the Notice of Removal that 'Plaintiff Greg Jeong is a citizen of and domiciled in the State of California.'. . . However, the complaint [ ] merely states that 'Jeong was and is an individual residing and doing business in Los Angeles County, California. Residency is not the same as citizenship. Accordingly, Removing Defendant's allegation of plaintiff Greg Jeong's citizenship is insufficient"); *Goodfellow v. Merrill,* No. 09cv333-L(NLS), 2009 WL 453109, *1 (S.D. Cal. Feb. 23, 2009) ("Regarding Plaintiff's citizenship, the notice of removal inaccurately paraphrases the allegations in the complaint, which provide the sole basis for NMIS' statement regarding Plaintiff's citizenship. Contrary to the representations in the notice of removal, the complaint alleges that Plaintiff is an individual residing in the County of Los Angeles, State of California, not a citizen. For purposes of diversity jurisdiction, it is citizenship and not residency which matters").

Similarly, the fact that Houman owns the property that is the subject of this lawsuit and resides in California, does not establish that she intends to remain in the state in the future. Defendant Wells Faro has not adequately shown that Houman is a California citizen. Consequently, Defendant Wells Fargo has not met it burden of establishing that there is complete diversity of citizenship among parties as required by § 1332. The court therefore may lack diversity jurisdiction to hear the action.

## D. <u>Defendant Cal-Western Reconveyance Corporation's Citizenship</u>

Defendant Wells Fargo's notice of removal alleges that co-Defendant Cal Western Reconveyance Corporation ("Cal-West") is a California citizen. As such, the notice of removal does not allege that every Defendant is diverse from every plaintiff. See 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. 1332(a), complete

diversity must exist between the opposing parties. See *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see *Gaus*, 980 F.2d at 566, removing Defendant Wells Fargo has not met its burden. Therefore, there may be no basis for diversity jurisdiction.

Instead, Defendant Wells Fargo alleges that co-Defendant Cal-West is to be ignored for diversity jurisdiction analysis due to the Bankruptcy and Permanent Injunction Enjoining Legal action filed herewith. *In re Prommis Holdings, LLC, et al.*, United States Bankruptcy Court for the District of Delaware, Case No. 13-10551 (BLS). Plaintiff, with the Court's permission, will file a motion for limited relief from stay and election as an "Exempt Plaintiff" to prosecute this action against Cal-West for recording or causing to record the invalid Notice of Default ("NOD") against Plaintiff's subject real property.

When the citizenship of co-Defendant Cal-West is applied for the reasons stated above, complete diversity citizenship does not exist under 28 U.S.C.§ 1332(a), in that co-Defendant Cal-West is a California citizen and Defendant Wells Fargo has not met its burden of establishing Houman's citizenship.

## E. **Federal Rule of Civil Procedure 12(B)(1)**

Under Rule 12(b)(1), a defendant may bring a facial attack on the court's subject matter jurisdiction, in which case, the court "assume[s] [plaintiff's] [factual] allegations to be true and draw[s] all reasonable inferences in his favor." *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004). Courts do not accept the truthfulness on any legal conclusions contained in the complaint when assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Under Rule 12(b)(1), a defendant may also bring a factual attack on the district court's subject matter

jurisdiction. Unlike a Rule 12(b)(6) motion or a facial Rule 12(b)(1) motion, a factual attack on subject matter jurisdiction under Rule 12(b)(1) affords the district court discretion to consider extrinsic evidence and, if disputed, weigh the evidence to determine whether the facts support subject matter jurisdiction without converting the motion to dismiss into a motion for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In this case, the Court does not presume the truthfulness of the plaintiff's allegations. *Id.* "The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998).

## F.  Federal Rule of Civil Procedure 12(B)(6)

A complaint survives a motion to dismiss under Rule 12(b)(6) if it contains a "short and plain statement of the claim showing that the pleader is entitled to relief," which does not require "detailed factual allegations," but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 1949 (2009). A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *accord Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) ("A complaint should not be dismissed `unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"). In analyzing the sufficiency of the complaint, allegations of fact are taken as true and construed in the light most favorable to the nonmoving party. *See Newdow v. Lefevre*, 598 F.3d 638, 642 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 1612 (2011). The Court must first look at the requirements of the causes of action alleged to test the legal sufficiency of the complaint. *See Iqbal*, 556 U.S. at

675.

### G. Federal Rule of Civil Procedure 9(B)

Rule 9(b) demands that the circumstances constituting the alleged fraud "be `specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001)). A party alleging fraud must "set forth more than the neutral facts necessary to identify the transaction." *Id.*

### H. Defendant Cal-Western Reconveyance Corporation's Bankruptcy Proceedings

On or about November 9, 2015 Defendant Wells Fargo filed its Notice of Bankruptcy and Permanent Injunction enjoining legal action against Defendant Cal-Western Reconveyance Corporation.  Plaintiff seeks permission from the court to file a Limited Motion for Relief from 11 U.S.C. § 362 Automatic Stay And Election As An "Exempt Plaintiff" in the matter of *In Re Prommis Holdings, LLC, et al.*, in the United States Bankruptcy Court For The District Of Delaware, under Case No. 13-10551 (BLS) for the purposes of pursuing this litigation and election as an "Exempt Plaintiff" under The Chapter 11 Liquidation Plan's Injunction Exemption.

## II. ARGUMENT

### A. THE BANKRUPTCY TRUSTEE AND/OR PLAINTIFF HAS STANDING TO PROSECUTE PRE-BANKRUPTCY CLAIMS.

Plaintiff's case is distinguishable from the cases cited by Defendant Wells Fargo in its Motion to Dismiss. *Sherman v. Wells Fargo Bank, N.A.,*2011 U.S. Dist. LEXIS 51641 ((E.D. Cal. May 12, 2011)) - dismissed plaintiff's loan modification-based claims for lack of standing where plaintiff's bankruptcy schedules omitted purported claims relating to loan modification discussions and

wrongful foreclosure. *Id.* at *11-13; *In re Lopez (Lopez v. Specialty Restaurants),* 283 B.R. 22, 28 (9th Cir. BAP 2002). And, "[p]roperty that was not correctly scheduled remains property of the estate forever (until administered or formally abandoned by the trustee.. ") *Id.* at 32 (concurring opinion). The Bankruptcy Code permits interested parties to petition to reopen a closed bankruptcy, to administer late-discovered assets. (11 U.S.C. § 350, subd. (b).) Once a closed case is reopened, amended bankruptcy schedules may be filed "as a matter of course" under FRBP 1009(a) –i.e., without court approval. "(f)or the purposes of filing amendments, there is no difference between an opened and reopened case…" [*In re Goswami* (9th Cir. BAP 2003) 304 BR 386, 393 (internal quotes omitted)].

With the Court's permission, Plaintiff will file a separate motion to reopen Bankruptcy Case No. 2:15-bk-12745-NB and Plaintiff will substitute or join the bankruptcy trustee(s), or show the trustee's ratification of this action, pursuant to the requirements of Federal Rule of Civil Procedure 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.").   Alternatively, Plaintiff will provide to the court the bankruptcy trustee(s) abandonment of the claims against Defendants or that this action is exempt from or should be excluded from the bankruptcy estate(s).

## B. THE BANKRUPTCY TRUSTEE AND/OR PLAINTIFF MAY PROSECUTE CLAIMS NOT DISCLOSED IN HOUMAN'S BANKRUPTCY SCHEDULES.

Defendant Wells Fargo argues that Plaintiff is judicially estopped from prosecuting claims not disclosed in her bankruptcy schedules. Plaintiff filed her first bankruptcy petition on June 6, 2014, United States Bankruptcy Court, Central District of California, Case No. 2:14-bk-21133-VZ. The case was dismissed in

September 2014. (*See* Def. RJN Exh. L). Plaintiff "did not submit a reorganization plan, creditors did not accept a plan, and the bankruptcy court did not review or confirm a plan." The case "was dismissed without a determination as to any purported debts 3 months later. Plaintiff filed her second bankruptcy petition February 2015 under Chapter 13 and later converted the case to a Chapter 7, United States Bankruptcy Court, Central District of California, Case No. 2:15-bk-12745-NB. In July 2015, Plaintiff received a Chapter 7 discharge. (*See* Def. RJN Exh. O, Discharge Order). The failure to schedule the instant claims was a matter of inadvertence or mistake and thus should not prevent Plaintiff from pursuing those claims now. Plaintiff did not realize at the time she filed for bankruptcy that she might have a claim against Defendant Wells Fargo because she thought she was still negotiating with Defendant Wells Fargo through its employees to try to modify her loan. Therefore, judicial estoppel may be inappropriate "when a party's prior position was based on inadvertence or mistake." *New Hampshire v. Maine*, 532 U.S. 742, 753 (2001) (internal quotation marks omitted). "Inadvertence" and "mistake" have been interpreted broadly by the Ninth Circuit. See *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 276 (9th Cir. 2013) ("inadvertence or mistake" not limited to plaintiff's knowledge of claim and motive to conceal). Based on the broad interpretations of these terms, Plaintiff can plead sufficient facts to overcome Defendant Wells Fargo's judicial estoppel argument. With the Court's permission, Plaintiff requests leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2).

## C. PLAINTIFF'S SECOND, THIRD AND FIFTH STATE LAW CLAIMS ARE NOT PRE-EMPTED BY HOLA.

Defendant Wells Fargo contends that Plaintiff's state law claims are pre-empted by HOLA. Courts review HOLA pre-emption independently, as a matter of law. *Gibson v. World Savings & Loan Assn.* (2002) 103 Cal.App.4th 1291, 1297 [128 Cal.Rptr.2d 19] [Fourth Dist., Div. Two]. The doctrine of federal preemption

is based on article VI, clause 2 of the federal Constitution, which directs that "the Laws of the United States ... shall be the supreme Law of the Land; ... any Thing in the Constitution or laws of any State to the Contrary notwithstanding." (U.S. Const., art. VI, cl. 2.) "Whether federal law preempts state law is fundamentally a question whether Congress has intended such a result." *Peatros v. Bank of America* (2000) 22 Cal.4th 147, 157 [91 Cal.Rptr.2d 659, 990 P.2d 539]. Congressional intent to preempt may be either express or implied, i.e., either "`explicitly stated in the statute's language or implicitly contained in its structure and purpose.'" *Fidelity Federal Sav. & Loan Assn. v. de la Cuesta* (1982) 458 U.S. 141, 152-153 [73 L.Ed.2d 664, 102 S.Ct. 3014]. Preemption may result, not only from action taken by Congress itself, but also from action by a federal agency. *Louisiana Public Service Comm'n v. FCC* (1986) 476 U.S. 355, 369 [90 L.Ed.2d 369, 106 S.Ct. 1890]. A regulation's preemptive effect "does not depend on express congressional authorization to displace state law." *Fidelity Federal Sav. & Loan Assn. v. de la Cuesta, supra,* 458 U.S. at p. 154. Instead, the determinative issues are whether (1) the agency intended its regulation to have a preemptive effect and (2) the agency acted within the scope of its congressionally delegated authority by issuing the preemptive regulation. (*Ibid.*) So long as those conditions are met, "[f]ederal regulations have no less pre-emptive effect than federal statutes." (*Id.* at p. 153.)

Federally chartered savings associations, such as World Savings, are regulated by HOLA. (12 U.S.C. §§ 1462, 1463.) HOLA creates the Office of Thrift Supervision (OTS) (12 U.S.C. § 1462a(a)) and authorizes its director to issue regulations prescribing the operation of federal savings associations according to the "best practices of thrift institutions in the United States." (12 U.S.C. § 1464(a).) In 1996, the OTS issued 12 Code of Federal Regulations part 560.2 (hereafter part 560.2 or § 560.2) to address preemption specifically in the context of lending operations. (61 Fed.Reg. 50951, 50952 (Sept. 30, 1996).) Part 560.2 states that the

"OTS hereby occupies the entire field of lending regulation for federal savings associations," thereby permitting federal savings associations to extend credit "without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section ...." (§ 560.2(a) (2010).) Accordingly, it cannot be questioned that where part 560.2 applies, it preempts any state law which purports to regulate the lending activities of federal savings associations. *Silvas v. E*TRADE Mortgage Corp.* (9th Cir. 2008) 514 F.3d 1001, 1004-1005.

It is well established, however, that part 560.2 does not apply to contractual obligations voluntarily undertaken by a federal savings association. Such obligations are not imposed by state law. *Gibson v. World Savings & Loan Assn., supra,* 103 Cal.App.4th at p. 1302, citing *Cipollone v. Liggett Group, Inc.* (1992) 505 U.S. 504, 526 [120 L.Ed.2d 407, 112 S.Ct. 2608]. Moreover, part 560.2 both expressly applies only to state law, defined as "`any state statutory regulation, ruling[,] order or judicial decision'" *Wells v. Chevy Chase Bank, F.S.B.* (2003) 377 Md. 197 [832 A.2d 812, 824] (*Wells*), quoting § 560.2(a) (2003), and expressly exempts from preemption state "`contract and commercial law ... that ... only incidentally affects the lending operations of Federal savings associations or [is] otherwise consistent with' the purpose of the regulations" *Wells,* 832 A.2d at p. 823, quoting § 560.2(c) (2003). "That intention was confirmed in 61 Fed.Reg. at 50966: `OTS wants to make clear that it does not intend to preempt basic state laws such as state uniform commercial codes and state laws governing real property, contracts [or] torts ....' [Citations.]" (*Wells,* at p. 823; see also extensive discussion in *Wells,* at pp. 823-827.)

Defendant Wells Fargo contends that Plaintiff's second, third and fourth state law claims are preempted by HOLA because the loan originated with a federal savings bank (*See* Def. MTD Pg.1), all of the claims here involve modification related activity to change the Loan terms (*See* Def. MTD Pg.10) and Plaintiff

12

challenges Defendant Wells Fargo's servicing activity relating to pre-foreclosure contact and other Loan servicing-related issues (*See* Def. MTD Pg.11). Defendant Wells Fargo contends that this falls within the categories of lending activities, including processing and servicing of a mortgage, as to which HOLA preempts state law. (§ 560.2(b)(10) (2010).)   This argument overreaches, as the language Defendant Wells Fargo quotes pertains to "state laws purporting to impose requirements regarding.... lending activities, including processing and servicing of a mortgage, as to which HOLA preempts state law (§ 560.2(b)(10) (2010).) not to *allegations* that touch on such subjects.

Plaintiff's case is largely based on contract and tort; such laws are not preempted if, as here, they only incidentally affect lending. *Id.* "Courts have... interpreted *Silvas* to not preempt all state law causes of action arising out of loan modification and/or foreclosure proceedings, but only those that impose new requirements on the lender." *Rumbaua v. Wells Fargo Bank, N.A.,* No. 11-1998, 2011 WL 3740828, at *7 (N.D.Cal. Aug. 25, 2011).

Where plaintiff's claims have centered on a bank's "inadequate disclosures of fees, interest rates, or other loan terms," or "inadequate notice of various rights and procedures during the foreclosure process," those claims have been preempted because they "would effectively impose requirements that banks include specific information in loan documents or provide specific notices during foreclosure." *See DeLeon v. Wells Fargo Bank, N.A.,* No. 10-01390, 2011 WL 311376, at *6 (N.D.Cal. Jan. 28, 2011). But where plaintiffs' claims have relied "on a general duty not to misrepresent material facts, and when application of the law does not regulate lending activity, California district courts have found that the claims are not preempted." *Id.* For example, where plaintiffs alleged:

> that Wells Fargo falsely represented that it would complete a loan
> modification agreement and that no foreclosure sale would occur while
> the loan modification was pending, [but did] not seek to impose a

13

substantive requirement that a federal savings bank must always complete a loan modification agreement once the modification process has started or that a federal savings bank can never execute a sale while a loan modification is pending.... [, Plaintiffs were invoking only] the general duty not to engage in fraud or express deception in a manner that only incidentally affects lending activities.

*Id.* Accordingly, the claim was not preempted. *Id.; see also Rumbaua,* 2011 WL 3740828, at *7 (same); *Susilo v. Wells Fargo Bank, N.A.,* 796 F.Supp.2d 1177, 1186 (C.D.Cal.2011) (same).

Here, Plaintiff's claims do not seek to impose additional requirements on Defendant Wells Fargo, nor does Plaintiff depend on the contention that all homeowners are entitled to loan modifications. Instead, similar to *DeLeon,* 2011 WL 311376, Plaintiff's second, third and fifth claims are premised on Defendant Wells Fargo's breach of an obligation or duty to review and process Plaintiff for a loan modification. (Compl. ¶72.). As Plaintiff's claims are based on allegations of material misrepresentations made by Defendant Well Fargo, they are not preempted, and this basis for dismissal fails. This is a matter of ordinary contract law and has no effect on Defendant Wells Fargo's lending activities.

### D. PLAINTIFF STATES A CLAIM FOR RELIEF FOR BREACH OF CONTRACT AND VIOLATION OF THE CLASS ACTION SETTLEMENT AGREEMENT.

**1. This Case May Be Transferred To The United States District Court For The Northern District Of California, The Honorable Jeremy F. Fogel, Currently Presiding, Or Any Other Court That Obtains Competent Jurisdiction Of The Lawsuit Under 28 U.S.C. § 1404(A).**

Defendant Wells Fargo alleges that Plaintiff fails to state a claim for relief for breach of contract and violation of the class action settlement agreement because: (i) this Court lacks jurisdiction to hear the claim proceedings. A district

court may transfer a case pending before it "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this section, the district court has discretion to "adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.' " *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498-499 (9th Cir.2000) (quoting *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (citation omitted)). A motion to transfer venue under this section requires the court to consider: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Kasey v. Molybdenum Corp.,* 408 F.2d 16, 20 (9th Cir.1969). The burden is on the moving party to establish that a transfer would allow a case to proceed more conveniently and better serve the interests of justice. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir.1979). "Many considerations have been evaluated by courts under the heading `the interest of justice.'" *Los Angeles Memorial Coliseum Commission v. National Football League,* 89 F.R.D. 497, 501 (C.D.Ca. 1981). Transfer to the forum wherein the Settlement Agreement may be enforced makes good judicial sense in that ultimate responsibility for the action can be resolved completely among all the essential parties.

### 2. The Question Of Jurisdiction And The Merits Of The Action Are Intertwined

On or about November 1, 2015, Defendant Wells Fargo removed the instant action to this Court pursuant to U.S.C. §§1441(b) & 1331, based on federal question jurisdiction and seeks an order dismissing all claims for relief in the complaint pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure. "[J]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.,*

15

711 F.2d 138, 140 (9th Cir.1983). In *Bell,* the Supreme Court determined that jurisdictional dismissals are warranted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." 327 U.S. at 682-83, 66 S.Ct. 773.

District courts have held that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when `the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of an action." *Sun Valley,* 711 F.2d at 139 (quoting *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983)). The question of jurisdiction and the merits of an action are intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id. See also Thornhill Publ'g Co. v. Gen. Tel. Co.,* 594 F.2d 730, 734 (9th Cir.1979) ("[W]hen a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiffs' substantive claim for relief, a motion to dismiss for lack of subject matter jurisdiction rather than for failure to state a claim is proper only when the allegations of the complaint are frivolous.") (quotation omitted).

Defendant Wells Fargo erred in characterizing Plaintiff's Complaint under Rule 12(b)(1). Plaintiff's jurisdictional issue, Wells Fargo's violation of federal legislation : 15 U.S.C. §1691, Wells Fargo's violation of a Court approved settlement agreement and the violation of California foreclosure statutes, are case related substantive issues so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits. Defendant Wells Fargo has not argued that Plaintiff's claims are "immaterial," "made solely for the purpose of obtaining federal jurisdiction," or "wholly insubstantial and frivolous." *Bell,* 327 U.S. at 682-83, 66 S.Ct. 773. Whether Plaintiff alleged a claim that comes within the Class Action Settlement reach goes to the merits of Plaintiff's

16

action. *Sun Valley,* 711 F.2d at 140 ("[t]he ability of [the plaintiff] to allege a claim that comes within the definitional reach of the [Class Action Settlement] is a matter that goes to the merits of the action.").

If the Court determines venue is improper, it may either dismiss the action or, if in the interest of justice, transfer the case to the United States District Court for the Northern District of California, the Honorable Jeremy F. Fogel, currently presiding, or any other court that obtains competent jurisdiction of the Lawsuit in which it could have been originally brought. [28 USC §1406(a); *King v. Russell* (9th Cir. 1992) 963 F2d 1301, 1304 –dismissal proper; *Minnette v. Time Warner* (2nd Cir. 1993) 997 F2d 1023, 1026; see ¶4:575]. A dismissal for improper venue is *not on* the merits and does not preclude refiling the action in another forum (state or federal) where venue is proper. [FRCP 41(b)]. Such a dismissal does not, however, prevent Plaintiff from refiling in state court *Sinochem Int'l Co. Ltd v. Malaysia Int'l Shipping Corp.* (2007) 549 US 422, 430-431, 127 S.Ct. 1184, 1191; see *Potter v. Hughes* (9th Cir. 2008) 546 F3d 1051, 1056, fn. 2).

### 3.   The Underlying Action is Distinct, Contains State Law Claims In Addition To The Class Action Settlement And Its Loan Modification Provisions

The causes of action and relief sought in the *Murphy*, *D'Alessio*, *McDermed and Gonzalez actions* (*See* Def. MTD, pg. 14) only contained allegations of breached terms of the Settlement Agreement. Those actions are different to what Plaintiff is pursuing in the underlying action. Plaintiff seeks to adjudicate additional and different state rights and interests, and relies on additional and different evidence. Unlike the nucleus facts in the *Murphy*, *D'Alessio*, *McDermed and Gonzalez* actions. For example, nowhere in Plaintiff's complaint has she alleged allege that Defendants mailed her multiple and conflicting class notices as in *McDermed*. The *Murphy*, *D'Alessio*, *McDermed and Gonzalez* actions referenced in Defendant Wells Fargo's motion to dismiss did

not contain the Plaintiff's alleged violations of 2923.5 and/or 2923.55, violations of business and professions code section 17200, violations of the Equal Credit Opportunity Act or Elder Financial Abuse.

### E. **PLAINTIFF CAN AMEND THE COMPLAINT TO ALLEGE A VIOLATION OF § 2923.5.**

Part of Defendant Wells Fargo's misconduct, as alleged, was the recordation of the NOD, which occurred on April 26, 2012. (*See* Def. RJN, Ex. E.). Since the NOD was recorded before January 1, 2013, Plaintiff seeks leave to file an amended complaint to allege a violation of Cal. Civ. Code § 2923.5 pursuant to Fed. R. Civ. P. 15(a)(2). Section 2923.5 mandates that "a mortgage servicer, mortgagee, [deed of trust] trustee, beneficiary, or authorized agent may not record a notice of default" pursuant to Cal. Civ. Code § 2924 until the mortgage servicer complies with Cal. Civ. Code § 2924.18(a)(1). Thus, Plaintiff can state a claim against Defendant Wells Fargo for violation of Cal. Civ. Code § 2923.5. Defendant Wells Fargo asserts that even if plaintiff invoked the pre-2013 version of 2923.5, that claim would be subject to a three years statute of limitations pursuant to Cal. Code of Civ. Proc. section 338(a) since the NOD was recorded in 2012. Based on the foregoing, the parties do not dispute the three years statute of limitations pursuant to Cal. Code of Civ. Proc. section 338(a).

Plaintiff disagrees as to the discovery date. Plaintiff had no knowledge of, and no reason to discover, Defendants' misconduct until she hired her attorney in June 2014 and filed her lawsuit in September 2015, well within the three year statute of limitations pursuant to Cal. Code of Civ. Proc. section 338(a). Plaintiff can amend the complaint to plead facts describing the time and manner of discovery *and* the inability to have made earlier discovery despite reasonable diligence.

"[O]rdinarily a party to a contract cannot justifiably claim unawareness of the express provisions of the contract," but "this is not the basis of plaintiffs'" 2923.5 claim. *Fuller v. First Franklin Financial Corp.* (2013) 216 Cal.App.4th 955, 964-

965. "[I]t may be that evidentiary facts will ultimately demonstrate the untimeliness of plaintiff's delayed discovery." (*Id.* at p. 966; see, e.g., *Rivera v. BAC Home Loans Servicing, L.P.* (N.D. Cal. 2010) 756 F.Supp.2d 1193, 1200 [change in loan interest rate might require investigation of certain facts].) Accepting the Plaintiff's factual allegations as true and construing the pleadings in the light most favorable to her, Houman can amend the Complaint and sufficiently allege delayed discovery to survive a motion to dismiss.

## F. **PLAINTIFF HAS STATED A CLAIM UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200.**

Plaintiff brings her third cause of action under California Business and Professions Code 17200. (Compl. ¶¶ 50-68.) Section 17200, also known as California's Unfair Competition Law ("UCL") concerns unfair competition and prohibited activities. It states that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." Cal. Bus. &Prof. Code § 17200. Each prong of the UCL is a separate and distinct theory of liability. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). In order to state a claim for a UCL violation, Plaintiff must identify an underlying statute that Defendant Wells Fargo violated. *Ingels v.Westwood One Broad. Servs., Inc.,* 129 Cal. App. 4th 1050, 1060 (2005) (no § 17200 liability "for committing 'unlawful business practices' without having violated another law"). A business practice is "unlawful," in violation of the California Unfair Competition Law (UCL), if it violates another state or federal law; the UCL "borrows" violations of other laws and treats them as independently actionable. *Perea v. Walgreen Co.*, 939 F. Supp. 2d 1026, 1040 (C.D. Cal.2013).

Defendant Wells Fargo first argues that Plaintiff's UCL claim is barred by the failure to disclose in bankruptcy, and preempted by HOLA, the UCL claim must fail as well. (*See* Def. MTD pg. 18). As stated previously, with the Court's permission, Plaintiff and/or the Bankruptcy Trustee may pursue this claim.

Additionally, since Plaintiff can amend the Complaint to sufficiently allege the claim that Defendant Wells Fargo violated California laws –specifically Section 2923.5– Defendant's argument fails. Defendant Wells Fargo also argues that Plaintiff lacks legal standing to pursue a UCL claim, because she has not "lost money or property" due to Wells Fargo's alleged conduct (*See* Def. MTD pg. 18).

Defendant Wells Fargo is correct that the UCL requires such a loss. See Cal. Bus. & Prof. Code § 17204. California voters implemented this requirement through Proposition 64, in order to remove standing for private litigants acting for the interest of the general public. See *Segura v. Wells Fargo Bank, N.A.*, 2014 WL 4798890, at *8 (C.D. Cal. Sept. 26 2014). "The intent of this change was to confine standing to those actually injured by a defendant's business practices and to curtail the prior practice of filing suits on behalf of clients who have not used the defendant's product or service, viewed the defendant's advertising, or had any other business dealing with the defendant...." *Kwikset Corp. v..Super. Ct.*, 51 Cal.4th 310, 321 (2011).

The California Supreme Court in *Kwikset* found "there are innumerable ways in which economic injury from unfair competition may be shown [including having] a present or future property interest diminished." Id. at 323. Plaintiff has alleged that Defendant Wells Fargo issued a Notice of Default without first complying with the legal requirements of California non-judicial foreclosure statutory scheme. (Compl. ¶¶ 56, 58.) These foreclosure proceedings diminish Plaintiff's property interest in her home. See *Sullivan v. Washington Mut. Bank, FA*, 2009 WL 3458300, at *4 (N.D. Cal. Oct. 23, 2009) ("it is indisputed that foreclosure proceedings have been initiated which puts [plaintiff's] interest in the property in jeopardy. The Court concludes that this fact is sufficient to establish standing"); *Woodring v. Ocwen Loan Servicing, LLC*, 2014 WL 3558716, at *9 (C.D. Cal. July 18, 2014) ("This Court agrees with the courts in this Circuit that

1  have on multiple occasions found that the initiation of foreclosure proceedings may

2  suffice to establish an injury under the UCL")

3      Accordingly, Defendant Wells Fargo Motion to Dismiss Plaintiff's UCL claim

4  should be denied.

5  ## G. **PLAINTIFF HAS STATED A CLAIM UNDER THE EQUAL**

6      **CREDIT OPPORTUNITY ACT.**

7      The ECOA "makes it illegal `for any creditor to discriminate against any

8  applicant, with respect to any aspect of a credit transaction . . . on the basis of race,

9  color, religion, national origin, sex or marital status or age.'" *Schlegel v. Wells*

10  *Fargo Bank,* 720 F.3d 1204, 1210 (9th Cir. 2013) (quoting 15 U.S.C. § 1691(a)(1)).

11  Courts have found applications for loan modifications to be applications for credit

12  under the ECOA. *See, e.g., Vasquez v. Bank of Am., N.A.,* 3:13-cv-02902, 2013

13  WL 6001924, at *13 (N.D. Cal. Nov. 12, 2013) ("[T]he Federal Reserve has

14  opined that loan modification requests under the Department of Treasury's Making

15  Home Affordable Modification Program ("HAMP") do qualify as `credit

16  applications' under ECOA, and that loan modifications outside the HAMP should

17  be analyzed using the same factors."); Supplemental Directive 09-01, ECF No. 26-

18  2 at 4.  The ECOA also contains a notice requirement: "Each applicant against

19  whom adverse action is taken shall be entitled to a statement of reasons for such

20  action from the creditor." 15 U.S.C. § 1691(d)(2). An "adverse action" is a "denial

21  or revocation of credit, a change in the terms of existing credit arrangement, or a

22  refusal to grant credit in substantially the amount or on substantially the terms

23  requested." 15 U.S.C. § 1691(d)(6). When a creditor fails to give the required

24  notice when taking an adverse action, the applicant may sue for a violation of the

25  ECOA. *Schlegel,* 720 F.3d at 1210.

26      Although the Ninth Circuit in *Schlegel* did not explicitly say the ECOA notice

27  provisions are distinct from the anti-discrimination provisions, some courts in the

28  Ninth Circuit have found the notice provisions to give rise to a cause of action even

with no accompanying claims of discrimination. *Errico v. Pac. Capital Bank, N.A.,* 753 F. Supp. 2d 1034, 1042 (N.D. Cal. 2010); *Vasquez,* 2013 WL 6001924, at *11. This reading is supported by the regulations implementing the ECOA, which say in part, "The regulation prohibits creditor practices that discriminate on the basis of any of these [listed] factors. The regulation also requires creditors to notify applicants of action taken on their applications...." 12 C.F.R. § 202.1(b).

Defendant Wells Fargo argues because it decided that Plaintiff was not entitled to a loan modification (Comp. ¶72), only the "adverse action" requirements of 12 C.F.R. § 202.9(a)(1)(i)-(iv) are potentially applicable here and Wells Fargo's denial of the application did not constitute an "adverse action" that triggered the ECOA's notice requirements. Defendant Wells Fargo refused to extend credit because she is an elderly, female person (Compl. ¶71.), Defendant Wells Fargo did not provide a written explanation or statement of reasons for its refusal to consider Plaintiff's mortgage assistance application under HAMP (Compl. ¶72.). As such, Defendant Wells Fargo failed to complied with the notice requirements of 15 U.S.C. §1691.

Defendant Wells Fargo also argues that Plaintiff cannot claim any damage when she does not fit within the requirements on the Loan amount and there is nothing in the statute to establish that an application for a HAMP modification constitutes an application for "credit" under the ECOA.

To state a claim under ECOA, a plaintiff must allege that: "(1) she is a member of a protected class; (2) she applied for credit with defendants; (3) she qualified for credit; and (4) she was denied credit despite being qualified." *Hafiz v. Greenpoint Mortg. Funding, Inc.,* 652 F.Supp.2d 1039, 1045 (N.D.Cal.2009) (citing *Chiang v. Veneman,* 385 F.3d 256, 259 (3d Cir.2004)). Under this standard, Plaintiff's Complaint states a prima facie claim. First, Plaintiff does allege that she is a member of a class protected by ECOA (Compl. ¶ 70.). Plaintiff adequately alleges that the HAMP modification application was an application for "credit," as

that term is used in the context of ECOA (Compl. ¶ 70.) she qualified for credit and she was denied credit despite being qualified (Compl. ¶¶ 70, 71.)  Defendant Wells Fargo's reliance on the Notice of Trustee's Sale's default figure amounts is misplaced (*See* Def. MTD pg. 21).

While the Court can and will take judicial notice of the existence of documents purporting to identify the scope of Plaintiff's indebtedness, which does not necessarily correlate with a conclusion that the numbers contained in those documents are accurate.  For purposes of a motion to dismiss, those allegations must be accepted as true and construed in Plaintiff's favor. See *Livid Holdings Ltd. v. Solomon Smith Barney, Inc*., 417 F.3d 940, 946 (9th Cir. 2005).  The Court simply cannot make a determination at the pleadings stage that all of Defendant Wells Fargo figures are necessarily accurate. Given Plaintiff's claims at this juncture that she qualified for a loan modification and that Defendant Wells Fargo refused to provide a proper loan modification review, Plaintiff's Complaint survives a pleading challenge at this time.

## H. **PLAINTIFF HAS STATED A CLAIM UNDER ELDER FINANCIAL ABUSE.**

Defendant Wells Fargo argues that Plaintiff failed to allege facts to support a cause of action for Elder Abuse because denial of a loan modification does not constitute financial elder abuse and foreclosing on a defaulted loan does not amount to financial elder abuse. Defendant Wells Fargo also argues that Plaintiff's Complaint pleads no facts to show that an officer, director or managing agent of Wells Fargo authorized or ratified the alleged abuse or neglect. Cal. Welf. and Inst. Code § 15657(c). (*See* Def. MTD pgs.21, 22).

California's Elder Abuse Act, Welfare and Institutions Code Section 15600, *et seq.,* was enacted to protect elders by providing enhanced remedies which encourage private, civil enforcement of laws against elder abuse and neglect. *Intrieri v. Superior Court,* 117 Cal.App.4th 72, 82, 12 Cal. Rptr.3d 97 (2004); *In re*

23

*Conservatorship of Kayle,* 134 Cal.App.4th 1, 5-6, 35 Cal. Rptr.3d 671 (2005). Section 15610.30 of the Act provides that financial abuse of an elder occurs, *inter alia,* when a person or entity, acting in bad faith: "Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code §15610.30(a)(1). Under the same section, a person who assists in the foregoing conduct is also liable. Cal. Welf. & Inst. Code §15610.30(a)(2).

Plaintiff's allegations are sufficient to state a claim under the Elder Abuse Act. Plaintiff alleges that Defendant Wells Fargo is a benefactor of the Troubled Asset Relief Program (TARP), and is under contract with the U.S. Department of the Treasury and Wells Fargo intent was to profit from the fees collected from the U.S. Government without evaluating Plaintiff for loan modification under the appropriate mortgage assistance program (Compl. ¶ 79.).

Plaintiff further alleges that:

The foregoing acts of the Defendants, and each of them, were done with the intent of obtaining Plaintiff's home by way of wrongful foreclosure and were further done with the intent of defrauding Plaintiff. (Compl. ¶ 80.).

For purposes of Fed.R.Civ.P. 12(b)(6), these allegations are sufficient to state a claim for wrongful "taking" pursuant to Cal. Welf. & Inst. Code §15610.30.

Accordingly, Defendant Wells Fargo motion to dismiss Plaintiff's fifth claim for elder abuse on the basis of failure to state a claim should be denied.

**III. CONCLUSION**

Based upon the foregoing, Plaintiff hereby requests that Defendant's motion to dismiss be denied. Alternatively, Plaintiff respectfully requests leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2) should Defendant's motion be granted.

Dated: December 2, 2015                    Respectfully submitted,

                                           LAW OFFICES OF JUANITA V. MILLER

                                           By: _____
                                               Juanita V. Miller, Esq.
                                               Attorneys for Plaintiff, Nahid Houman

PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS

# CERTIFICATE OF SERVICE

I, Juanita V. Miller, Esq., do hereby declare as follows:

1. That I am employed in the County of Los Angeles, State of California. I am over the age of 18 and I am not a party to the within action. My business address is 14930 Ventura Boulevard, Suite 200, Sherman Oaks, California 91403.

2. That on **DECEMBER 2, 2015**, I served the following document described as:

**PLAINTIFF NAHID HOUMAN'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in this action **Electronically Via the Court's CM/ECF System:**:

*Attorneys for Defendant:*
*WELLS FARGO BANK, N.A., successor by*
*merger with Wells Fargo Bank Southwest, N.A.,*
*f/k/a Wachovia Mortgage, FSB, f/k/a World*
*Savings Bank, FSB, erroneously sued here*
*separately as Wells Fargo Home Mortgage*
*("Wells Fargo")*

Jeremy E. Shulman, Esq.
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900
Fax: (626) 577-7764
Email: jshulman@afrct.com

1

        I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct, that I am a member of the Bar of the
United States District Court, Central District of California and that this declaration
is executed on December 2, 2015 at Los Angeles, California.


                                        JUANITA V. MILLER, Declarant

2

CERTIFICATE OF SERVICE